**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10665 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00597-SRB |
| v. | |
| PARKE LOWES DUNDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Christina C. Reiss, District Judge, Presiding[**]

Submitted October 14, 2014[***]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

Parke Lowes Dunder appeals from the district court's judgment and

challenges the 13-month custodial sentence and the reimposed lifetime term of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Christina C. Reiss, United States Chief District Judge for the District of Vermont, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervised release imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dunder contends that the district court erred by failing to consider the applicable 18 U.S.C. § 3553(a) factors and by failing to explain adequately the sentence imposed. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and find none. The record reflects that the court considered the applicable factors and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Dunder also contends that the custodial sentence and lifetime term of supervised release are substantively unreasonable in light of the nature of his offense and his history and characteristics. The district court did not abuse its discretion in imposing Dunder's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 13-month sentence and lifetime term of supervised release are substantively reasonable in light of Dunder's repeated breaches of the court's trust and the need for deterrence. *See Miqbel*, 444 F.3d at 1182; *United States v. Apodaca*, 641 F.3d 1077, 1082-84 (9th Cir. 2011). The term of supervised release is also not unconstitutionally disproportionate to the gravity of this circumstance. *See United States v. Williams*, 636 F.3d 1229, 1232-33 (9th Cir. 2011).

**AFFIRMED.**

13-10665